IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01775-MSK-NYW

DRYWAVE TECHNOLOGIES USA, INC.,

    Plaintiff,

v.

MASSAGE INTERNATIONAL, LTD.,[1]
KENT MOERK,
RICHARD SMEE, and
JOSEPH MCGOWAN,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Nina Y. Wang

    This matter is before the court on three motions:

    (1)    The Drywave Special Purpose Fund, LLC's Unopposed Motion to Intervene ("Motion to Intervene") [#36, filed March 10, 2017];

    (2)    Counterclaim Plaintiffs' Unopposed Motion for Joinder filed by Counterclaim Plaintiffs Massage International Limited, Kent Moerk, Richard Smee, and Joseph McGowan ("Motion for Joinder") [#77, filed May 25, 2017]; and

---

[1] Defendant Massage International Limited was originally identified as Message International Limited [#1 at ¶ 12], which this court construes as a typographical error that was corrected by the Amended Complaint [#14]. Because the docket still reflects Message International Limited as a party, by this Order, this court DIRECTS the Clerk of the Court to make the correction to the spelling of Defendant Massage International Limited.

(3) Counterclaim Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Counterclaim Plaintiff's Amended Counterclaims ("Motion for Extension of Time") [#84, filed May 31, 2017].

These motions were referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated October 4, 2016 [#21], and the Memoranda dated June 5, 2017 [#85; #86; #87]. Having now reviewed the papers and the entire docket, the court **ORDERS**[2] that the Motion to Intervene be **GRANTED**; Motion for Joinder be **GRANTED**; and the Motion for Extension of Time be **GRANTED**, with specific instructions as follows.

## BACKGROUND

Plaintiff Drywave Technologies USA, Inc. ("Drywave"), a Delaware corporation with its principal place of business in Denver, Colorado, designs and manufactures various health and well-being products, including but not limited to "Solajet" deep tissue massage beds. [#1 at ¶ 16]. In or about August 2014, Drywave began taking investments from a fund named Drywave Special Purpose Fund ("DSPF"), a Delaware limited liability company, with its principal place of business in New York, New York, which was created, operated, and managed by Defendant Joseph McGowan ("Defendant McGowan" or "Mr. McGowan").[3] [#1 at ¶¶ 18-19; #36-1 at 16, ¶ 3]. While the parties contest the circumstances surrounding the initial investment and ultimate

---

[2] This court construes the Motion to Intervene as non-dispositive because it does not affect the claims of any existing party. *Pub. Serv. Co. of Colorado v. Bd. of Cty. Com'r of San Miguel Cty.*, No. 04–CV–01828 REB CBS, 2005 WL 2293650, at *3 (D. Colo. Sept. 19, 2005) (concluding that a motion to intervene is non–dispositive because it does not have res judicata effect on the prospective intervenor's future claims against the plaintiff or defendant). *But see Galyas v. Lockheed Martin Corp.,* No. 10–CV–03122–PAB–BNB, 2011 WL 3648577, at *1 (D. Colo. June 14, 2011).

[3] In the Complaint, this fund is called "Drywave Special Situation Fund," [#1 at ¶ 18]. Based on the description of the fund, however, it appears that the fund is actually named the Drywave Special Purpose Fund. [#36-1 at 16, ¶ 3].

demise of the business relationships involved, there is no dispute that the contemplated business relationship soured, leading Drywave to file its original Complaint in this action against Defendants Massage International Limited ("MIL"), QJC LLC ("QJC"), Kent Moerk ("Defendant Moerk" or "Mr. Moerk"), Richard Smee ("Defendant Smee" or "Mr. Smee")), and Mr. McGowan (collectively, "Defendants") on July 12, 2016. In that original Complaint, Drywave alleged that all Defendants conspired to and tortiously interfered with prospective business relations and Defendant Moerk violated his restrictive covenants related to confidentiality, non-competition, and non-solicitation, arising from his employment with Drywave. [#1]. Plaintiff sought preliminary and permanent injunctive relief and a declaratory judgment as to Mr. Moerk's legal obligations, as well as damages in the excess of five millions dollars. [*Id.*].

Plaintiff also filed a Motion for Temporary Restraining Order. [#2]. In resolving the Motion for Temporary Restraining Order, the presiding judge, the Honorable Marcia S. Krieger, *sua sponte*, raised the issue of subject matter jurisdiction. [#13 at 3-4]. Specifically, Chief Judge Krieger indicated that the Complaint failed to sufficiently plead the citizenship of several of the Defendants, including the principal place of business for MIL; the citizenship of Defendant McGowan; and the citizenship of Defendant QJC. [#13]. The court further found that a temporary restraining order was not justified on the merits. [*Id.*].

Plaintiff then filed an Amended Complaint in which they addressed the potential jurisdictional defects identified by the court. Drywave identified the principal place of business for MIL as London, England [#14 at ¶ 12]; the citizenship of Defendant McGowan as Oregon

3

[*id.* at ¶ 14]; and the sole member of QJC Capital as Defendant McGowan, with the citizenship of Oregon [*id.* at ¶ 15].[4] In the Amended Complaint, Drywave asserted as follows:

(1) a claim for tortious interference with prospective business advantage and conspiracy to tortiously interfere with prospective business advantage against all Defendants ("Claim I");

(2) a "claim" for preliminary and permanent injunction against all Defendants enjoining Defendants from disparaging Drywave, soliciting or attempting to solicit current or former Drywave employees to work for MIL or any other business owner and/or operative by Defendants, individually or collective, and creating or distributing false communications to Drywave's business relations ("Claim II");

(3) a claim for a declaratory judgment against Defendant Moerk, establishing that the employment agreement entered between Drywave and Defendant Moerk is a valid and binding contract, the restrictive covenants contained therein are valid and binding, Drywave is being injured by Defendant Moerk's violation of the confidentiality, non-competition, and non-solicitation provisions ("Claim III");

(4) a claim for breach of contract against Defendant Moerk ("Claim IV");

(5) a claim for breach of fiduciary duty and conspiracy to breach fiduciary duty against all Defendants ("Claim V"). [#14].

Defendant QJC filed a Motion to Dismiss the claims asserted against it, and the court granted the Motion and dismissed QJC from the action on April 18, 2017. [#38, #48].

Potential Intervenor DSPF identifies itself as the entity that generated investments for Drywave, and purportedly holds approximately $1.5 million in convertible notes issued by Drywave. [#36-1 at 16, ¶ 3]. DSPF is a Delaware limited liability company, with its principal place of business in New York, New York. [*Id.*]. It filed the instant Unopposed Motion to Intervene on March 10, 2017, seeking to intervene to join Defendants Moerk, Smee, and McGowan (but not MIL) in asserting counterclaims against the original Plaintiff, Drywave, a

---

[4] Since that time, Defendant McGowan is now a citizen and resident of Florida. [#36-1 at 16, ¶ 4].

third entity, DryRX LLC ("DryRX"), a Nevada limited liability company with its principal place of business in Fort Collins, Colorado,[5] and the principals of Drywave, Stephen Howe ("Mr. S. Howe"), Dr. Nicholas Kukekov ("Dr. Kukekov"), and Todd Howe ("Mr. T. Howe") and to assert three claims in its own right against Drywave. *See generally* [#36-1]. DSPF seeks to assert the following claims:

> (1) fraudulent misrepresentation (along with Defendants Moerk and Smee) against Drywave, Mr. S. Howe, and Dr. Kukekov;
>
> (2) negligent misrepresentation (along with Defendants Moerk and Smee) against Drywave, Mr. S. Howe, and Dr. Kukekov;
>
> (3) Colorado securities fraud against Drywave, Mr. S. Howe, and Dr. Kukekov;
>
> (4) federal securities fraud against Drywave, Mr. S. Howe, and Dr. Kukekov;
>
> (5) breach of promissory notes and standstill agreement against Drywave;
>
> (6) fraudulent transfer against Drywave, DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe;
>
> (7) conspiracy (along with Smee and Moerk) against Drywave, DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe.[6] [*Id.*].

The substance of the proposed claims relate not only to the ultimate demise of the business venture between the parties, but the entire span of events from the initial contact by Dr. Kukekov to Defendant McGowan in spring 2014 to the present. *See generally* [*id.*].

Defendants MIL, Moerk, Smee, and McGowan filed an Answer and Counterclaims to the Amended Complaint on April 10, 2017. [#42]. MIL did not file any Counterclaims. That

---

[5] There is some ambiguity as to whether DryRX continues to exist, as DSPF alleges that its "registration status" has been revoked by Nevada [*id.*], but the Parties have represented that DryRX is willing to waive service. [#77].

[6] The proposed Answer and Counterclaims attached by DSPF also includes claims not involving DSPF. [#36-1].

5

Answer and Counterclaims also did not include the claims of DSPF, because it had not been granted leave to intervene, but did include the same claims brought by existing Defendants:

(1) a count of fraudulent misrepresentation brought by Defendant Moerk and Smee against Drywave, S. Howe, and Kukekov;

(2) a count of negligent misrepresentation by Defendants Moerk and Smee against Drywave, S. Howe, and Kukekov;

(3) a count of breach of contract by Defendant Smee against Drywave;

(4) a count of breach of contract by Defendant Moerk against Drywave;

(5) a count of abuse of process by Defendants Smee, Moerk and McGowan against Drywave, Dr. Kukekov, and Mr. S. Howe;

(6) a count of fraudulent transfer by Defendants Moerk and Smee[7] against Drywave, Mr. S. Howe, Dr. Kukekov, DryRX, and Mr. T. Howe; and

(7) a count of conspiracy against Drywave, Mr. S. Howe, Dr. Kukekov, DryRX and Mr. T. Howe. [#42].

Defendants Moerk, Smee, and McGowan then sought to have summons issued as to the newly added counterclaim defendants of DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe with the Answer and Counterclaims. [#42, #44, #45, #46]. The form of the summons, however, was non-compliant. [#47, #55]. The second attempt by Defendants Moerk, Smee, and McGowan was equally unavailing [#56, #57, #58, #59] and this court then ordered them to file a motion to join the non-parties named as counterclaim defendants (Mr. S. Howe, Dr. Kukekov, DryRX, and Mr. T. Howe) under Rules 13(h) and 19 or 20 under the Federal Rules of Civil Procedure. [#71].

---

[7] While DSPF's proposed Answer and Counterclaims in Intervention do not identify Defendants Moerk and Smee as co-claimants, it also asserts a counterclaim for fraudulent transfer, the bases of the two claims appear substantially similar. *Compare* [#36-1] *with* [#75].

Defendants MIL, Moerk, Smee, and McGowan then filed a First Amended Answer and Counterclaim on May 22, 2017, asserting the same seven causes of action but eliminating QJC pursuant to the court's order, and amending some factual allegations associated with the abuse of process claim. [#75, #74-1]. Defendants Moerk, Smee, and McGowan proceeded to follow the court's instructions in filing an unopposed motion to join DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe as counterclaim defendants on May 25, 2017, and included four new summons requests on the form identified by the court's Order. [#77, #78, #79, #80, and #81].

The Parties also then filed an Unopposed Motion for Extension of Time to File an Answer or Otherwise Respond to Counterclaim Plaintiff's Amended Counterclaims [#84]. These three motions were referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b) on June 5, 2017.

## ANALYSIS

In this matter, DSPF seeks to intervene as a counterclaim-plaintiff and also seeks to assert claims, solely on behalf of itself, against Drywave. [#36-1]. Thus, although not filed in this order, the court first considers whether the counterclaims brought by Messrs. Moerk, Smee, and McGowan against Drywave are properly in this action and whether DryRX, Mr. S. Howe, Dr. Kukekov and Mr. T. Howe should be joined as counterclaim-defendants. Next, this court considers whether DSPF can properly intervene in any asserted counterclaims. Finally, this court analyzes whether the court should exercise supplemental jurisdiction over the three claims, i.e., Colorado securities fraud, federal securities fraud, and breach of promissory notes and standstill agreement, brought solely by DSPF against Drywave, Mr. S. Howe, and/or Dr. Kukekov.

7

**I.     Counterclaims**

Counterclaims can be either mandatory or permissive.  A compulsory counterclaim is one that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require adding another party over whom the court cannot secure jurisdiction. Fed. R. Civ. P. 13(a).  "The court have given the terms 'transaction' and 'occurrence' contained in Rule 13(a) flexible and realistic constructions in order to effect 'judicial economy,' i.e., trial in one action of all related controversies between the parties and, of course, the avoidance of the multiplicity of suits."  *Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974).  In determining whether counterclaims are compulsory, courts generally consider whether:  (1) the issues of fact and law raised by the principal claim and the counterclaim are largely the same; (2) res judicata would bar a subsequent suit on defendant's claim; (3) the same evidence supports or refutes the principal claim and the counterclaim; and, (4) there is a logical relationship between the claim and counterclaim.  *F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir. 1994).

A permissive counterclaim is a counterclaim asserted against an opposing party that is not compulsory.  Fed. R. Civ. P. 13(b).  The Advisory Committee Notes to the 2007 Amendments to Rule 13(b) state "[b]oth as a matter of intended meaning and current practice, a party may state as a permissive counterclaim a claim that does grow out of the same transaction or occurrence as an opposing party's claim even though one of the exceptions in Rule 13(a) means the claim is not a compulsory counterclaim." Fed. R. Civ. P. 13(b) advisory committee's note to 2007 amendment.  But the language of the Advisory Committee's Notes of "growing out of the same transaction or occurrence," does not appear to be limiting.  Rather, unlike a

compulsory counterclaim, a permissive counterclaim need not arise out of the same transaction or occurrence. 20 AM. JUR. 2D Counterclaim, Recoupment, Etc. § 4; 35A C.J.S. Federal Civil Procedure § 364. Rule 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim. Fed. R. Civ. P. 13(h).

Upon initial analysis, it appears that the counterclaims fall into two categories. The counterclaims for breach of contract by Defendant Smee against Drywave and Defendant Moerk against Drywave are clearly compulsory, as they relate to the same contracts that Drywave seeks to enforce against Smee and Moerk. It is less clear that the remaining counterclaims are compulsory, as they do not appear to arise from the same transaction or occurrence but rather from a series of transactions and occurrences spanning two years that occurred between various parties and principals of those parties. Nevertheless, Defendants Moerk, Smee, and McGowan may assert permissive counterclaims against Drywave as the original opposing party. Fed. R. Civ. P. 13(b). Defendants Moerk, Smee, and McGowan also seek to join DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe as counterclaim defendants. All the counterclaims proposed against DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe are also asserted against Drywave and, thus, it appears that, at a minimum, permissive joinder as counterclaim defendants is appropriate because a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any questions of law or fact common to all the counterclaim defendants will arise in the action." Fed. R. Civ. P. 20.

Before this court can exercise supplemental jurisdiction over the counterclaims, however, it must confirm that it has subject matter jurisdiction. Compulsory counterclaims that are so

related to the other claims in the action that they form the same case and controversy under Article III of the Constitution are within the court's supplemental jurisdiction and do not require an independent basis for subject matter jurisdiction. *See Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010). *See also Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 547 (7th Cir. 1991) ("A federal court has supplemental jurisdiction over compulsory counterclaims"); *Walker v. THI of New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1299 (D.N.M. 2011). This court concludes that for the breach of contract claims brought by Defendants Moerk and Smee respectively, no independent basis for subject matter jurisdiction need to be pled.

For the permissive counterclaims, i.e., fraudulent misrepresentation, negligent misrepresentation, abuse of process, fraudulent transfer, and conspiracy, the court considers both sections of 28 U.S.C. § 1367, because this court's jurisdiction is premised on diversity jurisdiction, *see* [#1 at 2, ¶ 7]. Section (a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section (b) provides exceptions to supplemental jurisdiction:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

*Id.* But the exceptions set forth in section (b) do not apply, because the claims are asserted by existing Defendants as counterclaims. *See Price*, 608 F.3d at 703 (citing 13D Charles Alan

Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 3567.2, at 375-76 ("§1367(b) plays no role in claims, such as counterclaims and crossclaims, asserted by defendants or third-party defendants. . . . Moreover, it is clear that a defendant or third-party defendant does not become a 'plaintiff for purposes of § 1367(b) by asserting a claim.'").[8]

Thus, it appears joinder of these parties as counterclaim-defendants is proper and, accordingly, this court **GRANTS** the Motion for Joinder [#77] and will direct the Clerk of the Court to issue the appropriate summons to DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe.

## II. Intervention

The court now turns to determining whether DSPF's intervention as a counterclaim-plaintiff in this action should be permitted. In the proposed Answer and Counterclaims associated with the Motion to Intervene, DSPF seeks to bring claims for:

(1) fraudulent misrepresentation (along with Defendants Moerk and Smee) against Drywave, Mr. S. Howe, and Dr. Kukekov;

(2) negligent misrepresentation (along with Defendants Moerk and Smee) against Drywave, Mr. S. Howe, and Dr. Kukekov;

---

[8] And to the extent that this court misapprehends the interplay of the Rules and Defendants Moerk, Smee, and McGowan are required to establish that that the court has separate subject matter jurisdiction over their counterclaims, it appears that complete diversity exists between Messrs. Moerk, Smee, and McGowan and Drywave, DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe and the amount in controversy exceeds $75,000. Though Moerk, Smee, and McGowan do not precisely plead an amount in controversy [#75], nor do they address the amount in controversy in their Motion for Joinder [#77], they allege that neither Smee nor Moerk were paid under their respective agreements, which would have amounted to more than $75,000. [#75 at 26 ¶ 50, 28 at ¶ 64, 29 at ¶ 73, 40 at ¶¶ 129-135]. In addition, in the Scheduling Order, actual damages suffered by "Defendants/Counterclaim Plaintiffs/Plaintiffs in Intervention" were estimated at as at least $1.5 million." [#51 at 6]. The court further notes that DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe have all agreed to waive service, so the counterclaims present no issue with respect to personal jurisdiction over the prospective parties. [#77].

(3) Colorado securities fraud against Drywave, Mr. S. Howe, and Dr. Kukekov;

(4) federal securities fraud against Drywave, Mr. S. Howe, and Dr. Kukekov;

(5) breach of promissory notes and standstill agreement against Drywave;

(6) fraudulent transfer (along with Smee and Moerk) against Drywave, DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe;

(7) conspiracy (along with Smee and Moerk) against Drywave, DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe.[9] [#36-1].

### A. Rule 24

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Fed. R. Civ. P. 24. Intervention may be as a matter of right or discretion. *Id.* A court must permit intervention as a matter of right to a party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Whether DSPF has an interest sufficient to warrant intervention as a matter of right is a highly fact specific determination. *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996). A court may also allow permissive intervention if the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

The Court of Appeals for the Tenth Circuit ("Tenth Circuit") has previously noted that it follows a "liberal line," with respect to intervention, and employs an "interest test as primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Utahns for Better Transp. v. U.S. Dep't of Transp.*,

---

[9] The proposed Answer and Counterclaims attached by DSPF also includes claims not involving DSPF. [#36-1].

295 F.3d 1111, 1115 (10th Cir. 2002) (internal quotations and citations omitted). To the extent that DSPF shares the same claims against the same parties as Defendants Moerk, Smee, and McGowan, i.e., claims for fraudulent misrepresentation, negligent misrepresentation, fraudulent transfer, and conspiracy, based on the same operative facts, intervention as a matter of right appears to be appropriate.

The more nuanced question is whether, once permitted to intervene to assert counterclaims along with existing Defendants against an existing Plaintiff, should DSPF be permitted to assert its own distinct claims against Drywave, Mr. S. Howe, and Dr. Kukekov in this action. It appears that the law is unsettled in this scenario. Charles A. Wright, et al., § 1921 Assertion of Additional Claims by Intervenor, 7C FED. PRAC. & PROC. CIV. § 1921 (3d ed. 2017). Section 1367(b) provides that a district court does not have supplemental jurisdiction over claims when a party seeks to intervene as a plaintiff under Rule 24, and when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. 28 U.S.C. § 1367(b). But as discussed above, DSPF seeks to intervene as a defendant, and nothing in the record suggests that DSPF, as an entity associated with existing Defendants Moerk and McGowan, is improperly aligned as a plaintiff with Drywave, when it appears clear that it has substantially adverse interest to Drywave. *See Price*, 608 F.3d at 704-05. Even if separate subject matter was required to be established, it appears that DSPF is completely diverse from Drywave, Mr. S. Howe, and Dr. Kukekov and the amount in controversy is over $75,000, and one claim for violation of the federal Securities and Exchange Act presents a federal question.

Pursuant to 28 U.S.C. § 1367(c), a district court can decline to exercise supplemental jurisdiction over a claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction," or "in exceptional circumstances." 28 U.S.C. § 1367(c). Based on the record before it presently, this court does not believe that declining supplemental jurisdiction over the claims asserted solely by DSPF against Drywave, Mr. S. Howe, and Dr. Kukekov is warranted. Nevertheless, this court notes that Rule 21 permits a court to sever any claim against any party. To the extent that discovery proceeds and the facts warrant it, the presiding judge, the Honorable Marcia S. Krieger, may find that it is not within the parties or the court's best interests to proceed with this myriad of claims in a single action. And it also goes without saying that to the extent that Chief Judge Krieger disagrees with this court's subject matter jurisdiction analysis, and finds subject matter lacking, dismissal of some of the counterclaims may be appropriate.

Accordingly, this court hereby **GRANTS** the Motion to Intervene.

### III. Motion for Extension of Time

Drywave, DryRx, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe moved for an extension of time, up to and including July 17, 2017, to file an answer or otherwise respond to the Amended Counterclaims. [#84]. Given the number of claims and parties involved, before the court can effectively administer and try this case, however, a set of pleadings reflecting all claims should be properly filed. In terms of organizing, it appears to this court that the counterclaims should be separately docketed from an Answer to the First Amended Complaint, and named distinctively, for instance, "First Consolidated Counterclaims by DSPF, Moerk, Smee, and McGowan." Then any answer to the First Consolidated Counterclaims should be

docketed as responding to the separately filed counterclaims, e.g., "Answer to First Consolidated Counterclaims by Drywave, Mr. S. Howe, Dr. Kukekov, DryRX, and Mr. T. Howe."[10] Moving forward, the Parties should refrain from using denominators, such as "Counterclaim-Plaintiffs," and use the respective Parties' names.

Therefore, the Motion for Extension is **GRANTED** as follows:

(1)     No later than **June 23, 2017**, a First Consolidated Counterclaims will be filed by DSPF, Moerk, Smee, and McGowan, reflecting the various claims sought to be asserted as counterclaims and through intervention;

(2)     No later than **July 17, 2017**, the responding parties will **ANSWER or OTHERWISE RESPOND** to the First Consolidated Counterclaims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     The Drywave Special Purpose Fund, LLC's Unopposed Motion to Intervene [#36] is **GRANTED**;

(2)     Counterclaim Plaintiffs' Unopposed Motion for Joinder filed by Counterclaim Plaintiffs Massage International Limited, Kent Moerk, Richard Smee, and Joseph McGowan [#77] is **GRANTED**;

(3)     No later than **June 23, 2017**, a First Consolidated Counterclaims will be filed by DSPF, Moerk, Smee, and McGowan, reflecting the various claims sought to be asserted as counterclaims and through intervention;

---

[10] In suggesting this format, the court does not intend to preclude the responding parties from filing a dispositive motion if appropriate.

(4) Once a First Consolidated Counterclaims is filed, the Clerk of the Court is **DIRECTED to ISSUE** the summons filed as [#78, #79, #80, and #81];

(5) Counterclaim Defendants' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Counterclaim Plaintiff's Amended Counterclaims [#84] is **GRANTED**;

(6) DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe are **DIRECTED to FILE** their waivers of service no later than **June 30, 2017**; and

(7) No later than **July 17, 2017**, the responding parties Drywave, DryRX, Mr. S. Howe, Dr. Kukekov, and Mr. T. Howe will **ANSWER or OTHERWISE RESPOND** to the First Consolidated Counterclaims.

DATED: June 20, 2017 BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge